The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

E.B., individually and on behalf of all others similarly situated,

    *Plaintiff*,

*v.*

KIMI CRUSH LIMITED, a California corporation, ANT HIVE CREATIONS, INC., a California corporation, PRINSLOO GLOBAL GROUP, INC., a New York corporation, JOYBOX STUDIO LIMITED, a Nevada corporation, and STARFISH TECHNOLOGY LIMITED, a Nevada corporation,

    *Defendants*.

Case No. 3:26-cv-05216

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

**NOTING DATE:** March 31, 2026

PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY
Case No. 3:26-cv-05216

- 1 -

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 212-9300

Plaintiff E.B. respectfully files this motion for leave to proceed under a pseudonym in order to (i) maintain her privacy when disclosing personal and highly sensitive details, such as her diagnosed gambling addiction; and (ii) protect her from the significant risk of professional and reputational harm that would stem from proceeding under her full name. In support of this motion, Plaintiff states as follows:

1.      Plaintiff filed this lawsuit alleging that Defendants operate smartphone apps that masquerade as run-of-the mill solitaire or bingo games, but in reality function as unregulated online casinos. (Dkt. 1 ¶ 2.) The base games "unlock" to allow players to deposit and wager real money on virtual slot machines and plinko games. (*Id.* ¶ 35.) Plaintiff asserts that Defendants' operating and profiting from these gambling apps violates Washington law. (*Id.* ¶¶ 16–22.)

2.      Plaintiff further alleges that Defendants disregarded the safe-play standards that Washington requires of any regulated gambling operator, including providing resources for those struggling with addictive gambling and honoring requests to self-exclude from a gambling platform. (*Id.* ¶ 4.) Plaintiff's own experience illustrates the point: she notified Defendants in writing that she had been diagnosed with a gambling addiction, submitted a supporting letter from her therapist, and asked Defendants to terminate her account access. (*Id.* ¶ 48.) Defendants refused. (*Id.*) Instead of honoring her self-exclusion request, they responded with bonus incentives to entice her to gamble more on their games. (*Id.*) In just the last two years, Plaintiff has lost at least hundreds of thousands of dollars gambling on Defendants' apps. (*Id.* ¶ 46.)

3.      Plaintiff's profession raises the stakes considerably: she is a criminal defense lawyer who regularly practices in this district. Publicly linking her name to a gambling addiction diagnosis and six-figure losses would directly threaten her ability to attract clients and sustain her practice. She faces serious reputational and professional harm from proceeding under her full name.

4.      Courts in the Ninth Circuit allow the use of pseudonyms "when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067–68

PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED PSEUDONYMOUSLY                      - 2 -
Case No. 3:26-cv-05216

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 212-9300

(9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). In evaluating that need, courts consider the severity of the threatened harm, the reasonableness of the plaintiff's fears, and her vulnerability to such harm. *Id.* (citations omitted). Courts also consider whether proceedings can be structured to mitigate prejudice to the opposing party, and whether the public interest is best served by requiring disclosure. *Id.* at 1068–69. A plaintiff must demonstrate the "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Here, Plaintiff's need for anonymity is compelling, the public interest favors pseudonymity, and Defendants face no prejudice.

5.      Courts have granted requests to proceed anonymously where plaintiffs faced risks directly analogous to those E.B. faces here. For example, in *I.T. v. ChoicePoint LLC* ("*ChoicePoint*"), a plaintiff suffering from a substance addiction was allowed to proceed pseudonymously in litigation against an addiction treatment provider. No. C25-00193, 2025 WL 1082265, at *1 (W.D. Wash. Apr. 10, 2025). The court "agree[d] that Plaintiffs face a 'severe risk of reputational harm, loss of employment prospects, and embarrassment' if they lose their anonymity in this case[,]" recognizing that "social stigmatization [was] among the most compelling reasons for permitting anonymity." *Id.* (internal quotation omitted). The court reasoned that "[a]llowing Plaintiffs to proceed pseudonymously will prevent the public—and prospective employers—from learning about Plaintiffs' addiction history via online searches." *Id. Cf. J.J. v. Ashlynn Mktg. Grp., Inc.* ("*Ashlynn*"), No. 24-cv-00311, 2024 WL 5130849, at *2 (S.D. Cal. Dec. 16, 2024) (granting leave to proceed under pseudonym where plaintiffs suffered from substance addiction); *L.S. v. Happy Hippo LLC* ("*Happy Hippo*"), No. 24-cv-02849, 2025 WL 1993383, at *4 (E.D. Cal. July 17, 2025) (same). The same rationale applies here.

6.      Like the plaintiffs in *ChoicePoint*, *Ashlynn,* and *Happy Hippo*, E.B. risks substantial social and professional stigma should her addiction become public. If her name were linked publicly to her diagnosis and losses, a simple internet search—whether by a prospective client, opposing counsel, or a referring attorney—would surface not only her firm's website, but also her medical history and financial harm. Publicizing this information goes beyond mere

PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED PSEUDONYMOUSLY                  - 3 -
Case No. 3:26-cv-05216

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 212-9300

embarrassment—it directly threatens her professional prospects. *See also Doe v. Elson S Floyd Coll. of Med. at Washington State Univ.*, 20-cv-00145, 2021 WL 4197366, at \*2 (E.D. Wash. Mar. 24, 2021) (allowing plaintiff to proceed anonymously in suit against medical school involving abuse allegations and diagnoses of anxiety and depression, acknowledging "severe" risks to her career if she had to use her true name).

7.    Plaintiff is prepared to share her full name and identifying details with Defendants in the discovery process. This ameliorates any risk of prejudice to Defendants from granting Plaintiff's request. *Elson S Floyd Coll. of Med.*, 2021 WL 4197366, at \*2; *see also ChoicePoint,* 2025 WL 1082265, at \*2 (same). Keeping Plaintiff's full name out of the public case caption won't impair Defendants' ability to investigate, prepare their defense, or litigate this case.

8.    Nor is there a meaningful risk of prejudice to the public if Plaintiff's request is granted. Plaintiff seeks only to withhold her full name. The public will still have full access to the substance of Plaintiff's case, including pleadings, motions, orders, and opinions entered on the docket. *See ChoicePoint LLC*, 2025 WL 1082265, at \*2. On the other hand, disallowing Plaintiff's request risks a broader chilling effect. Others harmed by Defendants' apps— particularly those who, like Plaintiff, have a diagnosed gambling addiction—may be unwilling to come forward if doing so requires permanently attaching that diagnosis to their professional identities. *Id.*

WHEREFORE, Plaintiff respectfully requests that she be allowed to proceed under a pseudonym, E.B.

Respectfully submitted,

**PLAINTIFF E.B.**,

Dated: March 10, 2026             By:  */s/ Todd Logan*

Todd Logan (WSBA #60698)
tlogan@edelson.com

PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED PSEUDONYMOUSLY                    - 4 -
Case No. 3:26-cv-05216

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 212-9300

Brandt Silverkorn*
bsilverkorn@edelson.com
Lauren Blazing*
lblazing@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 212-9300

Sarah LaFreniere (WSBA #62621)
EDELSON PC
slafreniere@edelson.com
1606 NE 65th Street
Seattle, WA 98115
Tel: (206) 647-6424

Michael Ovca*
movca@edelson.com
Amy B. Hausmann*
abhausmann@edelson.com
Samantha Freltz*
sfreltz@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370

*Admitted *pro hac vice*

*Attorneys for Plaintiff and the Putative Class*

PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED PSEUDONYMOUSLY
Case No. 3:26-cv-05216

- 5 -

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: (415) 212-9300