UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

E.B.,

                         Plaintiff,

       v.

KIMI CRUSH LIMITED, *et al.*,

                       Defendants.

Case No. C26-5216-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's (1) Motion for Leave to Proceed Pseudonymously (dkt. # 17); and (2) Motion for Alternative Service (dkt. # 21). Service has not been completed and no defendant has appeared or filed a response to either motion. Having considered Plaintiff's submissions, the governing law, and the balance of the record, the Court PROVISIONALLY GRANTS Plaintiff's Motion for Leave to Proceed Pseudonymously (dkt. # 17) and GRANTS in part Plaintiff's Motion for Alternative Service (dkt. # 21).

## II.    BACKGROUND

On March 3, 2026, Plaintiff E.B. filed a complaint on behalf of herself and all others similarly situated, bringing Washington state law claims alleging that Defendants Kimi Crush

ORDER - 1

Limited ("Kimi Crush"), Ant Hive Creations, Inc. ("Ant Hive"), Prinsloo Global Group, Inc. ("Prinsloo"), JoyBox Studio Limited ("JoyBox"), and Starfish Technology Limited ("Starfish"; collectively, "Defendants") operated illegal online casino games. (Dkt. # 1.) Plaintiff states that she is a criminal defense attorney who faces reputational and professional harm if her diagnosed gambling addiction becomes known. (*Id.*, ¶ 48; dkt. # 17 at 2.)

Plaintiff obtained public records showing that Kimi Crush is registered in California and, on March 11, 2026, attempted service at the address that was registered with the California Secretary of State as its and its agent's address and was displayed on Kimi Crush's website. (*See* Blazing Decl., ¶¶ 3-4, 13, Exs. 1-2, 11.) The process server reported that the address was a postal annex at which Kimi Crush had closed their box. (*Id.*, Ex. 11.) On April 2, 2026, Kimi Crush amended its terms of service to include arbitration provisions and class action and jury trial waivers. (Blazing Decl., ¶ 26, Ex. 24.)

Plaintiff attempted service on Ant Hive on March 9, 2026, at its and its agent's address registered with the California Secretary of State and listed on Ant Hive's website. (Blazing Decl., ¶¶ 5-6, 14, Exs. 3-4, 12.) The address was a mailbox store business at which Ant Hive no longer had a box and left no forwarding address. (*Id.*, Ex. 12.) On March 26, 2026, Ant Hive amended its terms of service to include arbitration provisions and class action and jury trial waivers. (Blazing Decl., ¶ 27, Ex. 25.)

Plaintiff attempted service on Prinsloo on March 9, 2026, at its address registered with the New York Department of State. (Blazing Decl., ¶¶ 7, 15, Exs. 5, 13.) The address was a residence whose current tenant did not know the company. (*Id.*, Ex. 13.)

Plaintiff attempted to serve JoyBox on March 6, 2026, at its registered agent's and officers' address listed with the Nevada Secretary of State. (Blazing Decl., ¶¶ 9, 16-17, Exs. 7,

ORDER - 2

14-15; *see* dkt. # 21 at 3 n.2.) A person at the location told the process server that the company was unknown. (*Id.*, Ex. 14.) Plaintiff obtained another address from a document filed in an unrelated case where JoyBox's counsel, in a motion to withdraw as counsel dated March 12, 2026, provided JoyBox's "last known contact information[.]" (*Id.*, ¶ 25, Ex. 23 at 6.) On April 10, 2026, Plaintiff attempted service at this address, but the suite number did not exist and a person at the nearest suite did not know the company. (*Id.*, ¶ 17, Ex. 15.)

Plaintiff attempted to serve Starfish on March 6, 2026, at its registered agent's address listed with the Nevada Secretary of State and displayed on its website. (Blazing Decl., ¶¶ 11-12, 18, Exs. 9-10, 16.) The address was a mailbox store where Starfish had no mailbox. (*Id.*, Ex. 16.) Starfish listed a different address with Nevada for its officers, but Plaintiff does not indicate service was attempted at this address. (*See id.*, Ex. 9 at 3.)

Plaintiff also sent copies of the summons and complaint to each Defendant at its registered address via FedEx with signature required. (Blazing Decl., Exs. 18-22.) Plaintiff does not clearly explain what happened to these deliveries, but it appears that packages to Kimi Crush and Prinsloo were signed for while packages to Ant Hive, JoyBox, and Starfish were not delivered. (*Id.*, Exs. 18-19, 20 at 3 ("Returning package to shipper"), 21 at 3 ("Incorrect address"), 22 at 3 ("Incorrect address").)

On March 30, 2026, Plaintiff's counsel sent emails attaching the complaint, summons, and waiver request to email addresses that Kimi Crush, Ant Hive, Prinsloo, and Starfish provide on their websites, and to the email address JoyBox's counsel provided in unrelated litigation.[1]

---

[1] Counsel sent the same email to three other addresses that they attribute to Kimi Crush and two other addresses attributed to JoyBox, but does not explain how these addresses were identified. (*See* Blazing Decl., ¶ 19; dkt. # 21 at 4.)

ORDER - 3

(Blazing Decl., ¶ 19, Ex. 17.) "Other than two automated replies from customer-service inboxes, Plaintiff received no response from any Defendant." (Dkt. # 21 at 4.)

### III.   DISCUSSION

#### A.   Motion for Alternative Service

Plaintiff requests leave to serve four Defendants at the email addresses provided on their websites: Kimi Crush (service@leyoki.com), Ant Hive (service@anthivegame.com), Prinsloo (prinsloogginc@outlook.com), and Starfish (service@techstarfish.com). (*See* dkt. # 21-1 at 2.) Plaintiff seeks to serve the remaining Defendant, JoyBox, at the email address provided by its counsel in unrelated litigation (licheng@joyboxstudio.com) and an email address of unknown origin (support@joyboxgame.com). (*Id.*) Plaintiff further requests an additional sixty days from the date of this Order to serve Defendants. (*Id.*)

The Federal Rules of Civil Procedure allow a plaintiff to effect service on a corporate defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by delivering copies of the summons and complaint to an officer or agent "authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(e)(1), (h)(1).

##### *1.   Washington Law*

Under Washington law, service on an entity may be completed by serving its registered agent, by certified mail if the agent cannot be served, by handing a copy to an individual in charge of a regular place of business or activity, "or if all else fails, by serving the secretary of state." *Amazon.com Servs. LLC v. Indecor Home Co.*, 2023 WL 2573237, at *2 (W.D. Wash. Mar. 20, 2023) (citing RCW 23.95.450). Washington does not, however, allow for service of process by email. *See Zhu v. Wang*, 2026 WL 767038, at *1 (W.D. Wash. Mar. 18, 2026) ("In

ORDER - 4

Washington, alternative service is allowed on [an] individual in certain instances but never by e-mail.") (citing *Morris v. Est. of Morris*, 35 Wn. App. 2d 1097, at *3 (Wash. App. 2025), *review denied*, 586 P.3d 608 (Wash. 2026) ("If the legislature wished to allow service of process by email, it could have. But RCW 4.28.080 does not provide for service by email.")); *see also In re Est. of Jepsen*, 184 Wn.2d 376, 380 n.4 (Wash. 2015) ("An e-mail to an attorney cannot constitute substantial compliance with personal service on a party where, as here, there is no express waiver of personal service, no agreement for electronic service . . . , and no acceptance of service[.]"). Plaintiff contends this Court has previously authorized service by email in another case. (Dkt. # 21 at 5 (citing *History Dep't & Co. v. Mertz*, 2020 WL 6709776 (W.D. Wash. Nov. 16, 2020)).) In that case, however, the Court authorized service by email only in conjunction with mail. 2020 WL 6709776, at *3.

        2.     *California Defendants*

Kimi Crush and Ant Hive are stock corporations registered in California. (Blazing Decl., Exs. 1, 3.) Under California law, corporations may be served by delivery to a designated agent, officer, or trustee, or by methods for service on an individual, which include personal delivery, delivery and mailing to the business address, or service by mail with acknowledgment of receipt. Cal. Corp. Code §§ 1700-02; Cal. Civ. Proc. Code § 415.10, .20(a), .30(a), § 416.10(a)-(c). If the designated corporate agent "cannot with reasonable diligence be found at the address designated" and the other methods cannot be effected with reasonable diligence, "the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State[.]" Cal. Corp. Code § 1702(a).

California law permits service by alternate methods, including email, if service cannot be completed despite a plaintiff's reasonable diligence. Cal. Civ. Proc. Code § 413.30(a)(1).

ORDER - 5

However, Plaintiff has not yet attempted all methods provided for by California law. Under the circumstances, service by delivery to the California Secretary of State under § 1702(a) should be utilized before resorting to service by email. Accordingly, the Court construes Plaintiff's Motion for Alternative Service, with respect to Kimi Crush and Ant Hive, as a motion for an order for service through the California Secretary of State.

"A motion for an order to serve a corporation pursuant to California Corporations Code § 1702(a) requires an affidavit stating that the corporation cannot be served with reasonable diligence." *Infineon Techs. Americas Corp. v. Avante Bus. Euro*, 2026 WL 1204707, at *4 (C.D. Cal. Apr. 30, 2026) (citing Cal. Corp. Code § 1702(a)). Reasonable diligence requires a "thorough, systematic investigation and inquiry conducted in good faith[.]" Comment, Cal. Civ. Proc. Code § 415.50. Plaintiff has fulfilled this requirement by submitting the affidavit of attorney Lauren Blazing, which details efforts to serve Kimi Crush and Ant Hive in person and by FedEx. (Blazing Decl., ¶¶ 3-6, 13-14, 20, 23, Exs. 11-12, 18, 21.) The Court finds that Plaintiff has been reasonably diligent in attempting to give Kimi Crush and Ant Hive actual notice of the pendency of this action. Accordingly, the Court grants Plaintiff leave to serve Kimi Crush and Ant Hive by service upon the California Secretary of State of pursuant to California Corporations Code § 1702(a). Plaintiff may serve these Defendants by hand-delivering the summons and complaint and a copy of this Order to the California Secretary of State. *See* Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

3.     *Nevada Defendants*

JoyBox and Starfish are domestic corporations of Nevada. (Blazing Decl., ¶¶ 9, 11, Exs. 7, 9.) Nevada law provides for service on an entity or association by delivery to an officer,

ORDER - 6

director, or other authorized agent. Nev. R. Civ. P. 4.2(c)(1)(A). "If, for any reason, service on an entity or association required to appoint a registered agent in this state or to register to do business in this state cannot be made under Rule 4.2(c)(1) . . . , then the plaintiff may seek leave of court to serve the Nevada Secretary of State in the entity's or association's stead[.]" Nev. R. Civ. P. 4.2(c)(3).

Plaintiff seeks leave to serve by email because other methods have proved impracticable. (Dkt. # 21 at 7-8 (citing Nev. R. Civ. P. 4.4(b)(1)).) However, Plaintiff has not sought court leave to serve JoyBox or Starfish pursuant to Rule 4.2(c)(3), reasoning that it is unlikely to result in actual notice because their addresses registered with Nevada "appear fictitious." (*Id.* at 8 n.6.) Nevertheless, service via the Secretary of State is a valid method established by Nevada law. Email service is not permitted unless service cannot be made using other methods. Nev. R. Civ. P. 4.4(b)(1). Accordingly, the Court construes Plaintiff's Motion for Alternative Service, with respect to JoyBox and Starfish, as a motion for an order for service through the Nevada Secretary of State.

To obtain a court order for service on the Nevada Secretary of State, a plaintiff must file an affidavit setting forth "good faith attempts to locate and serve the entity or association;" explaining why service cannot be made; and stating the entity's last-known address. Nev. R. Civ. P. 4.2(c)(3)(A). Plaintiff has fulfilled this requirement by submitting an affidavit detailing efforts to serve JoyBox in person and by FedEx. (*See* Blazing Decl., ¶¶ 9, 16-17, 22, Exs. 7, 14-15, 20.) The Court finds service cannot be made on JoyBox despite Plaintiff's reasonable efforts, and grants leave to serve the Nevada Secretary of State in its stead pursuant to Rule 4.2(c)(3).

With regard to Starfish, however, Plaintiff does not appear to have attempted service at the S. 6th Street address registered for its officers and director with the Nevada Secretary of

ORDER - 7

State. (*See* Blazing Decl., Ex. 9 at 3.) Plaintiff must first attempt service at that address. *See* Nev. R. Civ. P. 4.2(c)(1)(A)(ii). However, the Court grants leave to serve the Nevada Secretary of State in Starfish's stead in the event that Plaintiff is unable to complete service at that address and files an affidavit or declaration to that effect with this Court.

The Court notes that Nevada's provision for alternative service requires that a plaintiff make reasonable efforts to provide additional notice using other methods, including email. Nev. R. Civ. P. 4.4(b)(3)(A), (d)(1). Accordingly, the Court orders Plaintiff to email copies of the summons, complaint, and this Order to JoyBox at the address revealed in unrelated litigation (licheng@joyboxstudio.com) and at the address provided on JoyBox's website (service@joyboxstudio.com; *see* Blazing Decl., Ex. 8 at 9). In the event service on Starfish cannot be made at the S. 6th Street address, Plaintiff is ordered to email copies of the summons, complaint, and this Order to Starfish at the address provided on its website (service@techstarfish.com).

### 4.    New York Defendant

Prinsloo is a domestic business corporation registered in New York. (Blazing Decl., Ex. 5.) New York law allows service on a corporation by delivery to an authorized agent, service on a registered agent as if they were a defendant, or by personal delivery to the Secretary of State accompanied by a statutory fee.[2] N.Y. Civ. Prac. Law & Rules § 311(a)(1); N.Y. Bus. Corp. Law § 306(a)-(b). If such service is impracticable, "service upon the corporation may be made in such manner . . . as the court, upon motion without notice, directs." N.Y. Civ. Prac. Law & Rules § 311(b).

---

[2] Electronic delivery to the Secretary of State is permissible if the corporation registered an email address, which Prinsloo did not. N.Y. Bus. Corp. Law § 306(b)(1)(ii); *see* Blazing Decl., Ex. 5 at 2.

ORDER - 8

Plaintiff did not attempt service through the New York Secretary of State, deeming it ineffectual because the Secretary of State would forward the documents to the address at which service has failed. (Dkt. # 21 at 10 n.7.) Nevertheless, this procedure is established by New York law. *See* N.Y. Bus. Corp. Law § 306(b)(1)(i) ("Service of process on such corporation shall be complete when the secretary of state is so served."). Plaintiff cites a case where a New York court allowed service by email on an individual defendant, but that was after all methods for service on an individual failed. (Dkt. # 21 at 10 (citing *Jun Gao v. Coconut Beach/Haw., LLC*, 191 N.Y.S.3d 926 (N.Y. Sup. 2023)).) Plaintiff's Motion for Alternative Service is denied as to Prinsloo and Plaintiff is directed to effect service through the New York Secretary of State.

> 5.      *Time to Serve*

Plaintiff requests an additional sixty days from the date of this Order to complete service. (Dkt. # 21 at 10.) Because Plaintiff filed the complaint in this action on March 3, 2026, service is currently due by June 1, 2026. Fed. R. Civ. P. 4(m); dkt. # 1. The Court must extend the time for service if good cause is shown. Fed. R. Civ. P. 4(m). Finding good cause because Plaintiff must initiate new service methods, the Court extends the deadline by thirty days.

**B.      Motion to Proceed Under a Pseudonym**

Plaintiff requests to proceed under the pseudonym E.B. to "(i) maintain her privacy when disclosing personal and highly sensitive details, such as her diagnosed gambling addiction; and (ii) protect her from the significant risk of professional and reputational harm[.]" (Dkt. # 17 at 2.)

A party's use of a fictitious name or pseudonym runs counter to "the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties[.]'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted) (quoting Fed. R. Civ. P. 10(a)).

Nevertheless, the Ninth Circuit "permit[s] parties to proceed anonymously when special circumstances justify secrecy." *Id.* Proceeding under a pseudonym is permissible when "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1068 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit directs courts to apply a "balancing test" and determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* The Ninth Circuit cautions that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Id.* at 1069.

In assessing a request to proceed anonymously, a district court must "balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

The Court finds Plaintiff has made a sufficient showing of the "need for anonymity to at least warrant provisionally granting her leave to continue pseudonymously until Defendants have appeared." *G.P. v. Arevalo*, 2026 WL 575676, at *1 (W.D. Wash. Mar. 2, 2026). Regarding the first three factors, Plaintiff contends she risks substantial social and professional stigma should her gambling addiction become public knowledge. (Dkt. # 17, ¶ 6.) She raises reasonable concerns that this would affect her ability to attract and retain clients. (*Id.*, ¶ 3; *see I.T. v. ChoicePoint LLC*, 2025 WL 1082265, at *1 (W.D. Wash. Apr. 10, 2025) (noting social stigma related to addiction); *J.J. v. Ashlynn Mktg. Grp., Inc.*, 2024 WL 5130849, at *2 (S.D. Cal. Dec. 16, 2024) ("substance abuse and addiction carry unfair, yet significant, social stigmas.").)

ORDER - 10

The Court also finds, at this stage, that the public has a limited interest in learning Plaintiff's identity. While the public has an interest in the matters being litigated, it is unclear how disguising Plaintiff's identity would obstruct public scrutiny of the important issues in this case. *See Advanced Textile Corp.*, 214 F.3d at 1072.

Finally, without any defendant having appeared in this case, it is too early to assess the prejudice to Defendants. Moreover, Plaintiff states she will share her identity with them during discovery. (Dkt. # 17, ¶ 7.) The Court will therefore defer considering prejudice to Defendants and the availability of mitigating procedures until it has the benefit of Defendants' arguments. Accordingly, the Court PROVISIONALLY GRANTS Plaintiff's Motion for Leave to Proceed Pseudonymously.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)    Plaintiff's Motion for Alternative Service (dkt. # 21) is GRANTED in part:

(a)    With regard to Kimi Crush and Ant Hive, the Court ORDERS "that the service be made upon the corporation by delivering by hand to the [California] Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of [this Order] authorizing such service." Cal. Corp. Code § 1702(a).

(b)    The Court ORDERS that service may be made on JoyBox, and on Starfish in the event that service cannot be completed at the S. 6th Street address, by "serv[ing] the Nevada Secretary of State in the entity's or association's stead" pursuant to Nev. R. Civ. P. 4.2(c)(3). Plaintiff shall also email copies of the summons, complaint, and this Order to JoyBox

ORDER - 11

at licheng@joyboxstudio.com and service@joyboxstudio.com and to Starfish at service@techstarfish.com.

        (c)     The Motion for Alternative Service is DENIED with respect to Prinsloo.

        (d)     The time to serve is hereby extended to **July 1, 2026**. Plaintiff is ORDERED to complete service and file proof of service by **July 1, 2026**.

    (2)     Plaintiff's Motion for Leave to Proceed Pseudonymously (dkt. # 17) is PROVISIONALLY GRANTED. Within **thirty (30) days** of appearing in this case, each Defendant is ORDERED to either move for reconsideration of this Order or file a notice stating that the appearing Defendant does not oppose Plaintiff proceeding under a pseudonym.

    Dated this 14th day of May, 2026.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 12