UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

E.B.,

               Plaintiff,

    v.

KIMI CRUSH LIMITED, *et al.*,

               Defendants.

Case No. C26-5216-MLP

ORDER

## I.      INTRODUCTION

This matter is before the Court on Plaintiff E.B.'s Renewed Motion for Alternative Service, supported by the sworn declaration of counsel, Lauren Blazing.[1] (Dkt. ## 30-31.) Plaintiff seeks permission to (1) serve Defendant Prinsloo Global Group, Inc. ("Prinsloo"), by email, and (2) post the summons and complaint in the Clerk's Office in the Tacoma courthouse of this District to complete service on Defendant JoyBox Studio Limited ("JoyBox"). (Dkt. # 30 at 2, 3 n.2.) Plaintiff has completed service on the remaining three Defendants in this action: Kimi Crush Limited, Ant Hive Creations Inc., and Starfish Technology Limited. (Dkt. ## 26-28.)

---

[1] Because no Defendant has yet appeared in this action, Plaintiff served notice of the instant Motion on each of them by email. (Dkt. # 30 at 8.) No Defendant filed any response.

ORDER - 1

## II.    DISCUSSION

The Federal Rules of Civil Procedure allow a plaintiff to effect service on a corporate defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by delivering copies of the summons and complaint to an officer or agent "authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(e)(1), (h)(1).

### A.    Prinsloo

New York law allows service on a corporation by delivery to an authorized agent, service on a registered agent as if they were a defendant, or by personal delivery to the Secretary of State accompanied by a statutory fee. N.Y. Civ. Prac. Law & Rules § 311(a)(1); N.Y. Bus. Corp. Law § 306(a)-(b). If such service is impracticable, "service upon the corporation may be made in such manner . . . as the court, upon motion without notice, directs." N.Y. Civ. Prac. Law & Rules § 311(b).

In addition to fulfilling the requirements of state law, a method of service must comport with due process. A "fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Plaintiff has sufficiently shown that service by the prescribed methods is impracticable. Plaintiff attempted service by personal delivery, certified mail, email, and service on the New York Secretary of State. (Blazing Decl., ¶¶ 4-5, Exs. 2-3; dkt. # 22, ¶¶ 15, 19, 21, Exs. 13, 19.) Service on the Secretary of State was "rejected as the court forum is not located within NYS as required by NY Department of State policy." (Blazing Decl., Ex. 2 (capitalization omitted); *see*

ORDER - 2

*also id.*, Ex. 3 (Reason for rejection: "Court/Forum not within NYS").) Plaintiff identifies multiple New York state cases permitting service by email where the prescribed methods are impracticable. (Dkt. # 30 at 4 (citing *Snyder v Alternate Energy Inc.*, 857 N.Y.S.2d 442, 449 (N.Y. City Civ. Ct., Apr. 04, 2008); *Alfred E. Mann Living Tr. v ETIRC Aviation S.a.r.l.*, 910 N.Y.S.2d 418, 422 (N.Y.A.D. 1 Dept., Oct. 19, 2010)).) The Court finds New York state law permits service by email under these circumstances.

Plaintiff contends service to the email address at which Prinsloo's website directs the public to contact it, prinsloogginc@outlook.com, is reasonably calculated to provide actual notice. (Dkt. # 30 at 4 (citing dkt. # 22, ¶ 8).) Plaintiff has not, however, provided evidence that the email address is in current use. *See Alfred E. Mann Living Tr.*, 910 N.Y.S.2d at 423 ("service by e-mail has been held improper in the absence of a showing that the defendant would likely receive the transmitted information"); *cf. Snyder*, 857 N.Y.S.2d at 448 (granting service by email where "plaintiffs have shown that defendant Nelson is regularly online using an e-mail address that by all indications is his."). She indicates the website was last accessed over three months ago, on April 16, 2026. (Dkt. # 22, ¶ 8, Ex. 6.)

To ensure due process requirements are met, the Court requires additional information before adjudicating Plaintiff's Motion with respect to Prinsloo. Plaintiff must show sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." *Amazon.com Inc. v. KexleWaterFilters*, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023); *see also Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *4 (N.D. Cal. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018) (service by email sufficient where defendants sold their allegedly counterfeit products by email and service "emails had been successfully delivered with no errors."); *Dongguan*

ORDER - 3

*Naquan E-Com. Co. v. Binovo Mfg. Co.*, 350 F.R.D. 648, 655 (W.D. Wash. 2025) ("Plaintiffs must confirm that the e-mail address is still receiving messages and remains in use or monitored."). The Court will consider Plaintiff's Motion with respect to Prinsloo after receiving further evidence, as set forth below.

**B.    JoyBox**

As directed by this Court, Plaintiff served Nevada corporation JoyBox in accordance with Nevada Rule of Civil Procedure 4.2(c)(3) by delivering a copy of the summons and complaint to the Nevada Secretary of State and emailing them to JoyBox at licheng@joyboxstudio.com and service@joyboxstudio.com. (*See* dkt. ## 23 at 6-8; Blazing Decl., ¶ 3, Ex. 1.) In addition, Plaintiff submits proof of delivery for the complaint and summons to the address JoyBox registered with the Secretary of State, *see* Nev. R. Civ. P. 4.2(c)(3)(C). (Blazing Decl., ¶ 8, Ex. 6.)

The Nevada rule also requires "posting a copy of the summons and complaint in the office of the clerk of the court in which such action is brought or pending." Nev. R. Civ. P. 4.2(c)(3)(B)(ii). When Plaintiff attempted to meet this requirement at the Tacoma courthouse for this District, the process server reported there was "[n]o area to post" and, "[p]er clerk, they cannot accept [because accepting] documents not directed to the court requires a signed order[.]" (Blazing Decl., ¶ 6, Ex. 4.) Accordingly, "for the avoidance of doubt—and to satisfy the strictures of Nevada Rule 4.2(c)(3)—Plaintiff respectfully requests that the Court authorize the posting of the summons and complaint in the Clerk's office in Tacoma." (Dkt. # 30 at 3 n.2.)

Federal courts have assisted plaintiffs in meeting this requirement of Nevada law. *See, e.g.*, *Bd. of Trs. of the Const. Indus. & Laborers Health & Welfare Tr. v. Sunday River Corp.*, Case No. C24-1812, dkt. # 8 at 3 (D. Nev. Dec. 30, 2024) (granting alternative service under

ORDER - 4

Nev. R. Civ. P. 4.2(c)(3) and ordering plaintiff to "provide the Clerk of the United States District Court, District of Nevada with a copy of the summons and complaint to post a copy in the Clerk's Office."). This Court concludes it is appropriate to do so here as well.

### III.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)    The Court GRANTS Plaintiff's Motion (dkt. # 30) with respect to JoyBox. Plaintiff is ordered to provide to the Clerk of the United States District Court, Western District of Washington, a copy of the summons and complaint. The Clerk is directed to post them in a publicly viewable area for three days.

(2)    Plaintiff may submit additional information about Prinsloo's email address to the Court by **August 3, 2026**. The Clerk is directed to re-note Plaintiff's Motion (dkt. # 30) for the Court's consideration for **August 3, 2026**.

Dated this 28th day of July, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5