UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

E.B.,

Plaintiff,

v.

KIMI CRUSH LIMITED, *et al.*,

Defendants.

Case No. C26-5216-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff E.B.'s *Ex Parte* Motion for Leave to Take Third-Party Discovery. (Mot. (dkt. # 41).) No defendant has appeared in this matter. Having reviewed Plaintiff's briefing, the governing law, and the balance of the record, the Court DENIES the motion (dkt. # 41) without prejudice.

## II. BACKGROUND

On March 3, 2026, Plaintiff filed a complaint against Defendants Kimi Crush Limited, Ant Hive Creations, Inc., Prinsloo Global Group, Inc., JoyBox Studio Limited, and Starfish Technology Limited (collectively, "Defendants"). (Compl. (dkt. # 1).) Plaintiff alleges Defendants orchestrated a scheme to operate multiple illegal online casino apps, falsely marketed

as bingo and solitaire games, in violation of Washington law. (*Id.* ¶¶ 1, 3-4.) Plaintiff seeks to represent a class of people in Washington who lost money wagering on Defendants' casino-style games. (*Id.* ¶ 50.) She brings claims for recovery of money lost at gambling, RCW 4.24.070; violation of the Washington Consumer Protection Act, RCW 19.86.020; and unjust enrichment. (*Id.* ¶¶ 58-86.) All Defendants have been served. (Dkt. ## 26-29, 37, 39.) Now, Plaintiff requests leave to take third-party discovery before meeting and conferring as required by Rule 26(f). Fed. R. Civ. P. 26(f).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that "the focus of the [good cause] inquiry is

upon the moving party's reasons" for deviating from the standard pretrial schedule and whether the moving party was diligent. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B. Plaintiff's Motion**

Plaintiff seeks leave to serve discovery requests on (1) third-party payment processors for records of "which Washington consumers transferred funds to Defendants' accounts"; (2) app-store and advertisement platforms for "Washington download and purchase data"; and (3) payment card networks for "records evidencing the volume and pattern of consumer losses[.]" (Mot. at 4.) Plaintiff describes four purposes for the discovery: "(1) to support class certification, (2) to identify and notify class members, (3) to quantify the losses of Plaintiff and the class, and (4) to identify the accounts and assets against which any class-wide judgment could be enforced." (*Id.* at 7.)

Plaintiff also emphasizes her diligence and effort in locating and serving Defendants. (Mot. at 6.) The motion does not seek information related to completing service, however, as service is already complete. Courts evaluate the need for expedited discovery based on the purpose of the discovery. *See Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044-45 (N.D. Cal. 2011) (assessing factors for preliminary injunction because expedited discovery motion sought information for that purpose).

In most of the cases Plaintiff cites in the motion, the plaintiffs sought expedited discovery to enable service to be effected. "Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served." *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, 2022 WL 2511742, at *2 (W.D. Wash. June 8, 2022); *see also Amazon.com, Inc. v. Autospeedstore*, 2023 WL 1869300, at *2 (W.D. Wash. Jan. 11, 2023).

Here, however, Plaintiff has already identified and served Defendants. (*See* dkt. ## 26-29, 37, 39.) Plaintiff now seeks discovery into her class claims.

Plaintiff has not identified a case comparable to this one where a court granted expedited third-party discovery. In one case Plaintiff cites, where discovery was unavailable from a defendant against whom default had been entered, the Court found good cause for third-party discovery that was "narrowly tailored" to "reveal the identities" of others responsible for the allegedly unlawful acts and to obtain information "relevant to the scope of a requested default judgment[.]" *Nintendo of Am. Inc. v. Williams*, 2024 WL 5108471, at *2 (W.D. Wash. Dec. 13, 2024). Here, in contrast, Plaintiff has not moved for entry of default against Defendants and does not seek information to reveal additional defendants. Instead, Plaintiff seeks discovery related to putative class claims.

Plaintiff cites another case where, after default had been entered against the defendant, a court granted expedited "discovery to aid in both identifying potential class members and securing a classwide default judgment." *Weingrad v. Ticket Takedown LLC*, 2026 WL 926453, at *2 (D. Or. Apr. 6, 2026). This Court finds *Weingrad* distinguishable because default had already been entered against the defendant and the plaintiff had shown that the discovery was needed for the next stage in the case, *i.e.*, to move for default judgment.

The Court notes that the Ninth Circuit requires that, prior to discovery into class claims, "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985). Plaintiff here does not expressly address the requirements of Rule 23.

Courts in this Circuit have also questioned whether Rule 23 standards can be met when no defendant has appeared and caution that, "even if permissible, certifying a class when a defendant is in default may not be prudent." *Heidarpour v. Secured Mktg. Concepts Corp.*, 2025 WL 764287, at *2 (D. Ariz. Mar. 11, 2025) (describing a case where a conditionally certified class action was later dismissed after the court raised concerns that the class was not ascertainable). The *Heidarpour* court denied third-party discovery into certain elements of the plaintiff's claim as futile because establishing other elements of the claim would require information possessed only by the defaulting defendant. *Id.*

Plaintiff here argues that the discovery sought will reveal information that "bears on" numerosity, class-wide damages, identifying and notifying class members, the scope of judgment, and how any judgment could be enforced. (Mot. at 7.) But Plaintiff has not clearly explained how the discovery sought will enable her to meet all of the elements of the claims and the Rule 23 standards. The administration of justice would not be served by discovery into certain elements if the others cannot be met. Accordingly, at this stage in the action, the Court finds Plaintiff has not established good cause for leave to conduct third-party discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion (dkt. # 41) without prejudice.

Dated this 15th day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge